| | |
|---|---|
| NOE EULOGIO, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>M CULINARY CONCEPTS, INC. (D/B/A BITE), NOVEL FOODS INC. (D/B/A BITE), A.M. CATERING SOLUTIONS, INC. (D/B/A BITE), and AMICHAI MELAMED (A.K.A. AMI MELAMED),<br><br>*Defendants.* | **Index No. 18-cv-644**<br><br>**SETTLEMENT AGREEMENT** |
| MIGUEL ANGEL VALDEZ ALEJANDRO,<br><br>*Plaintiff,*<br><br>-against-<br><br>M CULINARY CONCEPTS, INC. (D/B/A BITE), NOVEL FOODS INC. (D/B/A BITE), A.M. CATERING SOLUTIONS, INC. (D/B/A BITE), AMICHAI MELAMED (A.K.A. AMI MELAMED), and SAMAR SAJJAD,<br><br>*Defendants.* | **Index No. 18-cv-4839** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiffs Noe Eulogio ("Plaintiff Eulogio") and Plaintiff Miguel Angel Valdez Alejandro ("Plaintiff Valdez," and together with Plaintiff Eulogio, "Plaintiffs") on the one hand, and M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite) (collectively, the "Defendant Corporations"), and Amichair Melamed (a.k.a. Ami Melamed) and Samar Sajjad (collectively the "Individual Defendants," and together with the Defendant Corporations "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in Plaintiff Eulogio's filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-644 (hereinafter the "Eulogio Litigation"), and Plaintiff Valdez's filing of an action in the United States District Court for the Southern District of New York, Civil Action No:18-cv-4839 (hereinafter, the "Valdez

1

Litigation," and together with the Eulogio Litigation, the "Litigations") alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in paragraph 5 of this Agreement Plaintiffs may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000) (the "Negotiated Settlement Amount") to be paid to Plaintiffs' attorneys as follows:

   i. A check in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. & Associates, P.C. as Attorneys for Plaintiffs," for immediate deposit within thirty (30) days of court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel. Plaintiffs upon receipt of the initial settlement check shall provide a copy of the firm's W-9. Defendant's shall issue a form 1099 to Michael A. Faillace, Esq. & Associates, P.C. for all amounts paid under this agreement.

   ii. A post-dated check in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. & Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within sixty (60) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   iii. A post-dated check in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within ninety (90) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

   iv. A post-dated check in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and

twenty (120) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      v.      A post-dated check in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and fifty (150) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

      vi.      A post-datedcheck in the amount of Four Thousand One Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($4,166.67) made payable to "Michael A. Faillace, Esq. and Associates, P.C., as Attorneys for Plaintiffs," for immediate deposit within one-hundred and eighty (180) days of court approval of the Agreement, delivered to Plaintiffs' counsel no later than fifteen (15) days following court approval of the Agreement. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq. and Associates, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

      2.      The Court shall dismiss this Litigation with prejudice..

      3.      (a)      In the event that the Settlement Amount is not paid by the payment date set forth above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for Defendants, by email and certified mail, and the Defendants shall have ten (10) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiffs' counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) business days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment annexed hereto as **Exhibit A**.

      (b) Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

      4.      <u>Failure to Pay</u>: Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiffs to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) arising under this Agreement; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their

obligations to make the payments is breached; (iii) 150% times any remaining amounts owed; and (iv) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement.

    5.    <u>Releases</u>

    (a)    **Release by Plaintiffs.** Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time have, had, claim or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

    5.    <u>No Admission of Wrongdoing</u>:  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    6.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

    7.    <u>Acknowledgment</u>:  Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

    8.    <u>Notices</u>:  Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620

4

Email: michael@faillacelaw.com

To Defendants:

Brett Schatz, Esq.
Law Office of Brett M. Schatz, P.C.
1345 Avenue of Americas, 2nd Floor
New York, NY 10105
Tel:     (212) 631-7463
Email:  bschatz@bmsfirm.com

  9. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

  10. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

  11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

  12. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

  13. <u>No Assignment</u>: Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

5

14. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

17. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

21. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

22. <u>Mutual Non-Disparagement</u>:  The Parties hereto agree not to disparage each other.

23. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Plaintiffs:

By: _____Noe Eulogio_____
 NOE EULOGIO

By: _____[signature]_____
 MIGUEL ANGEL VALDEZ ALEJANDRO

Defendants:

M CULINARY CONCEPTS, INC. (D/B/A BITE)

By: _____

Print Name <u>Amichai Melamed</u>

Title_____

NOVEL FOODS INC. (D/B/A BITE)

By: _____

Print Name <u>Amichai Melamed</u>

Title_____

A.M. CATERING SOLUTIONS, INC. (D/B/A BITE)

By: _____

Print Name <u>Amichai Melamed</u>

Title_____

_____
   AMICHAI MELAMED

_____
   SAMAR SAJJAD

Plaintiffs:

By: _____
NOE EULOGIO

By: _____
MIGUEL ANGEL VALDEZ ALEJANDRO

Defendants:

M CULINARY CONCEPTS, INC. (D/B/A BITE)
By: _____

Print Name Amichai Melamed

Title President

NOVEL FOODS INC. (D/B/A BITE)
By: _____

Print Name Amichai Melamed

Title President

A.M. CATERING SOLUTIONS, INC. (D/B/A BITE)
By: _____

Print Name Amichai Melamed

Title President

_____
AMICHAI MELAMED

_____
SAMAR SAJJAD

7

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X

NOE EULOGIO and MIGUEL ANGEL VALDEZ
ALEJANDRO, *individually and on behalf of others
similarly situated,*

*Plaintiffs,*

-against-

M CULINARY CONCEPTS, INC. (D/B/A BITE),
NOVEL FOODS INC. (D/B/A BITE), A.M.
CATERING SOLUTIONS, INC. (D/B/A BITE),
AMICHAI MELAMED (A.K.A. AMI MELAMED),
and SAMAR SAJJAD,

*Defendants.*
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                                       ) ss.
COUNTY OF NEW YORK )

Amichai Melamed, being duly sworn, deposes and says:

1. I reside in New York, New York

2. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjad (collectively, "Defendants") are to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

3. Pursuant to the terms of the Settlement Agreement and Release by and between Noe Eulogio and Miguel Angel Valdez Alejandro (collectively, "Plaintiffs") and M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjad(each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

8

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule) times 150% against me, Amichai Melamed.

_____
Amichai Melamed

28th day of November of 2018

_____
Notary Public

**Brett M. Schatz**
**Notary Public State of New York**
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
**Commission** in New York

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-----------------------------------------------------------------X
NOE EULOGIO and MIGUEL ANGEL VALDEZ
ALEJANDRO, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

M CULINARY CONCEPTS, INC. (D/B/A BITE),
NOVEL FOODS INC. (D/B/A BITE), A.M.
CATERING SOLUTIONS, INC. (D/B/A BITE),
AMICHAI MELAMED (A.K.A. AMI MELAMED),
and SAMAR SAJJAD,

*Defendants.*
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                                       ) ss.
COUNTY OF NEW YORK )

Amichai Melamed, being duly sworn, deposes and says:

1. I reside in New York, New York

2. I am an owner of M Culinary Concepts, Inc. (d/b/a Bite). I am duly authorized to make this affidavit of confession of judgment on behalf of M Culinary Concepts, Inc.

3. M Culinary Concepts, Inc. maintains its principal place of business at 62 West 22nd Street, New York, NY 10010.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjadare to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Noe Eulogio and Miguel Angel Valdez Alejandro(collectively,"Plaintiffs") and M Culinary

10

Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjad (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against M Culinary Concepts, Inc. and in favor of Plaintiffs for 100% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against M Culinary Concepts, Inc.

M Culinary Concepts, Inc.

By: _____

28th day of November of 2018

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

11

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**
-----------------------------------------------------------------X
NOE EULOGIO and MIGUEL ANGEL VALDEZ ALEJANDRO, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

M CULINARY CONCEPTS, INC. (D/B/A BITE), NOVEL FOODS INC. (D/B/A BITE), A.M. CATERING SOLUTIONS, INC. (D/B/A BITE), AMICHAI MELAMED (A.K.A. AMI MELAMED), and SAMAR SAJJAD,

*Defendants.*
-----------------------------------------------------------------X

AFFIDAVIT OF
CONFESSION
OF JUDGMENT

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

Amichai Melamedbeing duly sworn, deposes and says:

1. I reside in New York, New York

2. I am an owner of Novel Foods Inc. (d/b/a Bite). I am duly authorized to make this affidavit of confession of judgment on behalf of M Culinary Concepts, Inc.

3. Novel Foods Inc. maintains its principal place of business at 62 West 22nd Street, New York, NY 10010.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjadare to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Noe Eulogio and Miguel Angel Valdez Alejandro (collectively, "Plaintiffs") and M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjad (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against M Culinary Concepts, Inc. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against Novel Foods Inc.

Novel Foods Inc.

By: _____

28th day of November of 2018
_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

13

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-----------------------------------------------------------------X
NOE EULOGIO and MIGUEL ANGEL VALDEZ
ALEJANDRO, *individually and on behalf of others
similarly situated*,

    *Plaintiffs*,

        -against-

M CULINARY CONCEPTS, INC. (D/B/A BITE),
NOVEL FOODS INC. (D/B/A BITE), A.M.
CATERING SOLUTIONS, INC. (D/B/A BITE),
AMICHAI MELAMED (A.K.A. AMI MELAMED),
and SAMAR SAJJAD,

    *Defendants.*
-----------------------------------------------------------------X

                                      AFFIDAVIT OF
                                      CONFESSION
                                      OF JUDGMENT

STATE OF NEW YORK   )
                           ) ss.
COUNTY OF NEW YORK  )

Amichai Melamed, being duly sworn, deposes and says:

1. I reside in New York, New York

2. I am an owner of A.M. Catering Solutions, Inc. (d/b/a Bite). I am duly authorized to make this affidavit of confession of judgment on behalf of M Culinary Concepts, Inc.

3. A.M. Catering Solutions, Inc. maintains its principal place of business at 62 West 22nd Street, New York, NY 10010.

4. This affidavit of confession of judgment is for debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjadare to submit a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Plaintiffs.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Noe Eulogio and Miguel Angel Valdez Alejandro (collectively, "Plaintiffs") and M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a. Ami Melamed), and Samar Sajjad (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against M Culinary Concepts, Inc. and in favor of Plaintiffs for 150% the remaining sum due under the Settlement Agreement.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment in the Supreme Court of the State of New York, New York County, as a judgment for $25,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), time 150% against A.M. Catering Solutions, Inc.

A.M. Catering Solutions, Inc.

By: _____

28th day of November of 2018

_____
Notary Public

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York